UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KASAAD DORSEY,

                Petitioner,

     v.                                    9:15-CV-0821 (GLS)
                                                    9:15-CV-0820 (GLS)

DANIEL F. MARTUSCELLO,

                Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

KASAAD DORSEY
13-A-5356
Petitioner pro se
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN        PRISCILLA I. STEWARD
New York State Attorney General         Assistant Attorney General
120 Broadway
New York, New York 10271
Attorneys for Respondent

GARY L. SHARPE
Senior United States District Judge

# DECISION and ORDER

## I.    INTRODUCTION

On June 30, 2015, petitioner Kasaad Dorsey filed two petitions seeking writs of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. No. 1, Petition ("Pet. I") at 1; Dkt. No. 1-2, No. 9:15-CV-0820, Petition ("Pet. II").[1] In each petition, petitioner alleges that his applications for bail pending the resolution of his direct appeals from two separate state court convictions were improperly denied. Pet. I at 3; Pet. II at 3. On July 9, 2015, the petitions

---

[1] The cited page numbers for the petitions and petitioner's reply refer to those generated by the Court's electronic filing system (ECF).

were consolidated and the named respondent was directed to answer them. Dkt. No. 4, Decision and Order. On October 27, 2015, respondent filed his answer, memorandum of law and state court records. Dkt. No. 14, Answer in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 14-1, Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 15, State Court Records (SR). Petitioner filed a reply with exhibits dated December 9, 2015. Dkt. No. 20, A Traverse Reply to Answer in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 20-1, Exhibits.

Also pending before the Court is petitioner's letter motion to expand the record to include certain information. Dkt. No. 24, Letter Motion. For the reasons that follow, petitioner's motion is denied and the petitions are denied and dismissed.

## II. RELEVANT BACKGROUND

Petitioner is incarcerated as a result of two state court convictions. On March 6, 2013, petitioner pleaded guilty in the Albany County Supreme Court to attempted third degree criminal possession of a controlled substance (N.Y. Penal Law §§ 110.00, 220.16(1)). Pet. I at 1 (the drug conviction). On November 29, 2013, he was sentenced as a second felony offender to serve a determinate term of three years in prison followed by three years post-release supervision. Dkt. No. 15-1 at SR 1, Uniform Sentence & Commitment; SR 2-9, Sentencing, Nov. 29, 2013.

After his plea but before he was sentenced for the drug conviction, petitioner was arrested and charged with second degree assault (N.Y. Penal Law § 120.05(3)). R. Mem. at 2; Pet. II at 1; Dkt. No. 15-1 at SR 10, Uniform Sentence & Commitment. On October 7, 2014, an Albany County jury convicted him of that charge. Pet. II at 1. On November 14, 2014, he was sentenced to serve a determinate term of six years in prison followed by five

years post-release supervision, to run consecutively with the 2013 sentence imposed for the drug conviction. Dkt. No. 15-1 at SR 10.

Petitioner's direct appeals of both convictions remain pending in the Appellate Division, Third Department.[2]

Petitioner filed two separate motions pursuant to New York Criminal Procedure Law (CPL) § 460.50 in the Appellate Division, Third Department in which he asked that court to either release him on his own recognizance or to set bail pending the outcome of his appeals. Dkt. No. 15-1 at SR 11, Motion for Release on Recognizance or Pending Appeal Bail; 12, Affidavit in Support of Motion (drug conviction); SR 18, Motion for Release on Recognizance or Pending Appeal Bail; SR 19, Affidavit in Support of Motion (assault conviction). The People opposed both applications, arguing that petitioner had a history of failing to appear in court, he was a flight risk, and his motion papers "set forth neither arguable nor articulable grounds for appeal." *Id.* at SR 15, 22, Letters in Opposition to Bail Both of petitioner's motions were denied. *Id.* at SR 16-17, Order (drug conviction); SR 23-24, Order (assault conviction).

This action followed.

## III. DISCUSSION

### A. Motion to Expand the Record

In his motion, petitioner asks the Court to direct the parties to expand the record to include a victim's "Police and Fireman's Insurance Associations" benefit requests, which he characterizes as a "continuous claim;" a certification of the victim's orthopedic "statement";

---

[2] Respondent states that petitioner's briefs in both cases were due on December 7, 2015. R. Mem. at 2.

and "two notice of trials for the same incident of October 1, 2013 arrest date[.]" Dkt. No. 24 at 1. He claims the documents will show: (1) that there was insufficient evidence to support his conviction; (2) "the seperation of criminal procedures to support the ground raise of 'Res judicata,' which is foundated of the use of actual fraud due to a fraudulent act of false arresting the petitioner after petitioner's original arrest of October 1, 2013";[3] and (3) the victim knowingly gave a "false material statement" and with "intent to defraud the State of New York - Worker's Compensation Board." *Id.*

Under Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a court may "direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7 (a), Habeas Rules. The documents petitioner wants to add to the record are not relevant to this action. Petitioner is not challenging his assault conviction in this proceeding.[4] Instead, the only issue before this Court is whether the state courts improperly denied his applications for release on bail pending his direct appeals of both his 2014 assault conviction and his 2013 attempted third degree criminal possession of a controlled substance conviction. *See* Pet. I; Pet. II. His request to expand the record to include these documents is therefore denied.

### B.     The Petitions

Petitioner argues that the Appellate Division improperly denied his bail applications without explanation and without giving him the opportunity to respond to the arguments made

---

[3] This sentence appears exactly as petitioner wrote it in an effort to accurately reproduce his argument. Although it contains several errors, the Court has chosen not to highlight each one.

[4] Petitioner's direct appeal appears to remain pending. Any challenge in this Court to the underlying assault conviction would, therefore, be premature and subject to dismissal for failure to exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

by the People in opposition to his applications. Pet. I at 3; Pet. II at 3; Dkt. No. 5, Letter in Support of Petition with Exhibits; Dkt. No. 6, Affidavit to Support Notice of Pleadings; Dkt. No. 6-1, Exhibits. He also appears to argue that the People's responses to his bail motions were due on May 29, 2015, but were not filed until June 2, 2015. Dkt. No. 5 at 1; Dkt. No. 6 at 2-3. Petitioner claims that the People's responses were untimely, and the Appellate Division should not have considered them. Dkt. No. 6 at 2-3.

Respondent argues that petitioner's claims are unexhausted because he failed to seek state court habeas review of his claims. R. Mem. at 4-7. This Court agrees. An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(I), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

5

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *See Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167, at *5 (N.D.N.Y. Oct. 10, 2007).

New York law permits only one application for bail pending appeal. *See* CPL § 460.50(3). Relief is discretionary, and there is no statutory provision that permits direct appeal from the denial of a post-conviction bail application. *Id.*; *Finetti v. Harris*, 609 F.2d 594, 595 (2d Cir. 1979). Several courts, including the Second Circuit, have held that "even though there is no right to a direct appeal from an order denying bail pending appeal, exhaustion requires a state prisoner to have commenced a state habeas corpus proceeding for the purpose of raising the same constitutional challenges to the denial of bail as he seeks to present in his federal habeas corpus proceeding." *Id.* at 597 (citing *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978) (per curiam)); *Garson v. Perlman*, 541 F. Supp. 2d 515, 519-20 (2008); N.Y. C.P.L.R. §70.10(b).[5]

Petitioner concedes that he did not file a state habeas petition raising his current claims, but appears to argue that state habeas relief is available only to challenge illegal custody and excessive bail. Pet. I at 3; Pet. II at 3. Section 7010(b) of New York's Civil

---

[5] There are district court decisions finding that state habeas relief is unavailable to petitioners challenging the denial of post-conviction bail. In *Danylocke v. Dalsheim*, 662 F. Supp. 961 (S.D.N.Y.1987), *aff'd without op.*, 842 F.2d 1287 (2d Cir.1988), the district court relied on a single Appellate Division Justice having denied state habeas relief in that case on the ground that it was "not an appropriate vehicle to review" a decision denying bail pending appeal. 662 F. Supp. at 961. The district court in *Pulaski v. Hopkins*, 745 F. Supp. 882, 885 (E.D.N.Y. 1990) relied upon same Appellate Division decision cited in *Danylocke* for the principle that "New York courts have authoritatively shown that where petitioner's post conviction bail application has been denied with no reasons given, no further state relief is available." (internal quotation marks and citation omitted). This Court finds *Danylocke* and *Pulaski* unpersuasive because the cited Appellate Division decision "may well have been based on the conclusion that . . . the denial of bail in that particular case did not rise to a level of constitutional deprivation." *Garson*, 541 F. Supp. 2d at 521 n.1.

Practice Law and Rules (CPLR) provides for state habeas corpus review "of excessive bail or the denial of bail," but it does not distinguish between "pre- and postconviction bail." *People ex rel. Hinspeter v. Senkowski*, 12 A.D.3d 23, 27 (2d Dep't 2004) (noting that the "scope of review in a habeas corpus proceeding is limited to whether the denial of bail violated the constitutional or statutory standards inhibiting excessive bail, or the arbitrary refusal of bail"). At least one district court has concluded that the language of Section 7010(b) is "broad enough to procedurally encompass review of the denial of bail pending appeal." *Garson*, 541 F. Supp. 2d at 520 (collecting cases); *see Hinspeter*, 12 A.D.3d at 27 (ruling that state habeas review was unavailable to challenge the constitutionality of CPL § 530.50, but suggesting that CPLR § 7010(b) encompassed challenges to the denial of post-conviction bail). In any event, if there "is doubt about the availability of a state review procedure, it should be resolved in favor of requiring exhaustion." *Garson*, 541 F. Supp. 2d at 519.

Although petitioner's claims are unexhausted, they are not procedurally defaulted because it appears that he may still bring them in a state habeas proceeding. CPLR § 7010(b). Federal habeas courts are prohibited from "*granting* relief to an applicant who has not 'exhausted the remedies available in the courts of the State,'" but § 2254(b)(2) "authorized federal courts to deny the petition, regardless of whether the applicant exhausted his state court remedies." *Abuzaid v. Mattox*, 726 F.3d 311, 321 (2d Cir. 2013); *see* 28 U.S.C. § 2254 (b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Second Circuit and the Supreme Court have not yet established a standard for

7

denying unexhausted claims under § 2254(b)(2). Some lower federal courts have expressed the test as whether it is "perfectly clear" that the petitioner does not raise even a colorable federal claim, while others have asked whether the petitioner's unexhausted claims are "patently frivolous." *See Morgan v. Lee*, No. 1:11-CV-0390, 2012 WL 5336167, at *7 (W.D.N.Y. Oct. 26, 2012) (collecting and comparing cases). In this case, the Court finds that petitioner's claims may be dismissed on the merits under either standard, notwithstanding his failure to exhaust them in the state courts.

The question in this case is whether the Appellate Division's denial of petitioner's bail applications was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(1), (2). The Supreme Court has stated that "[b]ail, . . . , is basic to our system of law," and "the Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment." *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971) (involving Illinois bail statute governing pretrial release)). The Court has addressed the Eighth Amendment bail provision in the context of federal defendants challenging the denial of both pre- and post-conviction bail pending appeal. *United States v. Salerno*, 481 U.S. 739, 752-55 (1987); *Harris v. United States*, 404 U.S. 1232, 1233-36 (1971). Individual justices of the Supreme Court have also referenced the Eighth Amendment in their opinions addressing applications for bail pending appeal to the Supreme Court. *See, e.g.*, *Truong Dinh Hung v. United States*, 439 U.S. 1326, 1327-30

(1978) (Brennan, J.); *Rehman v. California*, 85 S. Ct. 8 (1964) (Douglas, J.).[6]

But the parties cite no Supreme Court authority - and this Court has found none - in which the Supreme Court itself addressed the "constitutional implication of rules on state regimes for bail pending appeal." *Robinson v. Sears*, No. 1:07-CV-2890, 2007 WL 2962338, at *2 (S.D.N.Y. Oct. 10, 2007); *see Garson*, 541 F. Supp. 2d at 524-25. In the apparent absence of Supreme Court precedent on the issue, the Appellate Division's decision to deny petitioner's bail applications cannot be "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see, e.g.*, *Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court [on a particular issue], it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" (quoting 28 U.S.C. § 2254(d)(1)); *Rodriguez v. Miller,* 537 F.3d 102, 106-107 (2d Cir. 2008) ("No principle of constitutional law grounded solely in the holdings of the various courts of appeals or even in the dicta of the Supreme Court can provide the basis for habeas relief.") (citing *Musladin*, 549 U.S. at 74-75); *Tueros v. Greiner*, 343 F.3d 587, 593-94 (2d Cir. 2003) (dicta in Supreme Court decision was not clearly established federal law that could form basis for habeas relief under Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)(1)).

---

[6] There is one case worth noting, although it is not controlling Supreme Court precedent. In *California v. Alcorcha*, 86 S. Ct. 1359 (1966), Justice Douglas, sitting as Circuit Justice for the Ninth Circuit, ruled that he lacked the power to set post-conviction bail for a state prisoner whose appeal was pending in state court, explaining that:
> Were this a case involving an appeal from a conviction in a federal court, there would be no doubt of my power to set bail. And if this were a case brought here from a state court by appeal or writ of certiorari the power of a Circuit Justice to order release on bail would be clear. But the case before me is one in which the applicant's appeal is still pending in an appellate court of the State.

*Id.* at 1360. Justice Douglas further explained that the rules governing the grant or denial of federal prisoners's bail applications did not apply, and California's system was not one that abolished bail. *Id.* at 1360-62.

9

The Second Circuit has ruled on the issue, explaining that "the role of a federal habeas court in reviewing a state denial of bail pending appeal is extremely limited." *Robinson*, 2007 WL 2962338, at *1 (quoting *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979)). In *Finetti*, the Second Circuit explained that there was "no absolute federal constitutional right to bail pending appeal," but held that "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Finetti*, 609 F.2d at 599; *Muniz v. Rock*, No. 9:11-CV-0547 (JKS), 2014 WL 1202690, at *4 (N.D.N.Y. Mar, 24, 2014) (citing *Finetti*, 609 F.2d at 599). It is unnecessary to decide whether the scope and authority of *Finetti* is affected by the restrictive AEDPA deference owed to state court decisions and the apparent lack of Supreme Court precedent on the issue. *See Robinson*, 2007 WL 2962338, at *2-3. For the reasons that follow, petitioner cannot prevail even under the *Finetti* standard.

Federal habeas courts do not "'sit as appellate courts to review the use or abuse of discretion' of state courts in the granting or withholding of bail pending appeal." *Finetti*, 609 F.2d at 599 (quoting *Bloss v. Michigan*, 421 F.2d 903, 906 (6th Cir. 1970)). The "mere failure of the state court to articulate reasons for its denial of bail pending appeal does not create a 'presumption of arbitrariness.'" *Id.* at 601 (quoting *United States ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973) (per curiam)). The petitioner bears the burden of showing that there is no rational basis in the record for the denial of his bail application, and he has not done so here. *Id.*; *Muniz*, 2014 WL 1202690, at *4.

CPL § 510.30 governs applications for bail and requires the reviewing court to consider several factors, including the defendant's criminal record, "previous record if any in

10

responding to court appearances when required or with respect to flight to avoid criminal prosecution," the "merit or lack of merit" of the pending appeal, and the sentence imposed. CPL § 510.30(2)(a)(iv), (vi), (viii), (ix). The record in this case indicates that on three separate occasions, state courts issued warrants for petitioner's arrest because he failed to appear in court. Dkt. No. 15-1 at SR 33, 39, 43-44, 49. Petitioner's argument that he was denied the opportunity to address the reasons for the warrants is not supported by the record. In his bail application related to the drug conviction, petitioner acknowledged that he had "a few failure to appears prior due to being ignorant to appear, but always manage[d] to return him self upon a warrant" and was not, therefore, a flight risk. Dkt. No. 15-1 at SR 12. Petitioner now concedes that there was one "unexplainable reason for the failure to appear for [the] October 24, 2007 arrest date," but provides explanations for "two of the failures to appear to court appearances," and asks this Court to decide whether he "avoided or not the process of prosecution." Reply at 8. Petitioner offers no reason for his failure to provide the same explanations to the Appellate Division, and this Court declines petitioner's invitation to decide in the first instance whether he intentionally failed to appear in state court on two occasions.

Petitioner also has prior convictions, and a prior probation sentence was revoked. Dkt. No. 15-1 at SR 34-50; Dkt. No. 20-1 at 85-102, Exhibit G. The record further shows that the sentence imposed for the two convictions he challenges on appeal was an aggregate term of nine years in prison, a substantial sentence. Pet. I. at 1; Pet. II at 1.

Finally, a determination that the pending appeal is "palpably without merit alone justifies, but does not require, a denial of the application, regardless of any determination made with respect to" other factors specified in the statute. CPL § 510.30(2)(b). Federal

11

courts "addressing petitions for habeas corpus in this situation have rightly been reluctant to assess the merits of pending state appeals." *Robinson,* 2007 WL 2962338, at *3 (collecting cases). Petitioner goes to great lengths to attempt to show this Court his claims on direct appeal have merit. Dkt. No. 20 at 3-9; Dkt. No. 20-1, Exhibits. But in his state court bail applications, he simply lists without further argument or support the grounds on which he appealed each conviction. Dkt. No. 15-1 at SR 12 (drug conviction); SR 19 (assault conviction). Petitioner's arguments on appeal "present nothing outside the ordinary run of appellate claims[.]" *Robinson*, 2007 WL 2962338, at *3. Based upon his papers, this Court cannot conclude that the Appellate Division should have granted petitioner's bail applications on the ground that his convictions were likely to be overturned on appeal. *Muniz*, 2014 WL 1202690, at *4; *Robinson*, 2007 WL 2962338, at *3.

Petitioner's claims that the Appellate Division erred by considering the People's alleged untimely letters in opposition to his bail applications, and that he should have been permitted to reply to the People's arguments, are also without merit. "Courts have wide discretion to consider untimely submissions." *Muniz*, 2014 WL 1202690, at *5. Even if the Appellate Division did not consider the People's submissions, the record provides adequate support for the denial of petitioner's motions.

In sum, this Court concludes that a rational basis exists for the Appellate Division's denial of petitioner's bail applications. His petitions are therefore denied and dismissed.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to expand the record (Dkt. No. 24) is **DENIED**; and

it is further

**ORDERED** that the petitions (No. 9:15-CV-821 and 9:15-CV-820) are **DENIED AND DISMISSED**; and it is further

**ORDERED** that no certificate of appealability (COA) shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[7] Any further request for a COA must be addressed to the Court of Appeals, *see* Fed. R. App. P. 22(b); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

February 10, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[7] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'").